# IN THE
## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

JEFFREY LEDERGERBER, ET AL.,   *

    *Plaintiff*,   *

v.   *   No. 1:20-cv-01208-JKB

JUSTIN BLUBAUGH, ET AL.,   *

    *Defendant*.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## STATE OF MARYLAND'S CROSSCLAIM AGAINST HARFORD COUNTY

Defendant/Cross-Claimant, State of Maryland, through counsel, pursuant to Rule 13 of the Federal Rules of Civil Procedure, files this crossclaim against Defendant Harford County.

### PARTIES AND JURISDICTION

1. Plaintiffs are all residents of Harford County Maryland. (ECF Doc. 23 at ¶¶ 1-4.)

2. Defendant/Cross-Claimant is the State of Maryland (the "State"), a state within the United States of America.

3. Defendant Harford County is a charter county and political subdivision established under Article XI-A of the Maryland Constitution.

4. Defendant Sheriff Jeffrey Gahler is the Sheriff of Harford County ("Sheriff Gahler").

5. Defendant Justin Blubaugh is a Deputy Sheriff of Harford County.

6. Plaintiffs filed a complaint in the Circuit Court for Harford County alleging state common law and constitutional torts and federal civil rights claims under 42 U.S.C. § 1983 against all the Defendants, including the State, arising from a criminal investigation led by Defendant Blubaugh into Plaintiffs' operation of pawn shops. (ECF Doc. 5.)

7. The Defendants removed this case from the Circuit Court for Harford County to this Court pursuant to 28 U.S.C. §§1331, 1441 and 1446, based on the federal claims asserted in the complaint. (ECF Doc. 1.)

8. Jurisdiction and venue are proper under 28 U.S.C. §§1331, 1441 and 1446.

**FACTS**

9. Defendant Sheriff Gahler is the primary law enforcement authority for Harford County, Maryland.

10. The allegations in the Plaintiffs' complaint arise from a law enforcement investigation led by Defendant Blubaugh into Plaintiffs' operation of pawn shops. The activities of Defendant Blubaugh that gave rise to this suit are activities relating to performing law enforcement functions.

11. Through self-insurance, Defendant Harford County has obtained insurance for the coverage and defense of Sheriff's Gahler and his Deputies' activities relating to performing law enforcement functions.

12. On April 27, 2020, the State tendered in writing the coverage and defense of this lawsuit to Defendant Harford County in accordance with Md. Code Ann., State Finance & Procurement, § 9-108.

13. On April 27, 2020, through its Assistant County Attorney, Defendant Harford County accepted the State's tender of the coverage and defense of this case.

14. On May 13, 2020 and June 11, 2020, Defendant Harford County filed motions to be dismissed from this case wherein it argued it is immune to direct suit under the Local Government Tort Claims Act, Md. Code Ann., Courts & Judicial Proceedings, §§ 5-301 – 5-304,

but went on to acknowledge "its responsibility as an insurer for the sheriffs and his deputies acting in a law enforcement function, as specified within § 9-108 of the State Finance and Procurement Article." (ECF Docs. 12, 27, 27-1 at 3.)

15. The State responded to Defendant Harford County's motion pointing out to the Court Defendant Harford County's acceptance of the State's tender of this action and Defendant Harford County's insurance obligation for the coverage and defense of Sheriff's Gahler and his Deputies' activities relating to performing law enforcement functions. (ECF Doc. 22.)

16. In a later reply pleading, Harford County contended it was not a "proper party to this litigation" and that it "cannot be liable for the actions of the Sheriff or his deputies." (ECF Doc. 35 at 3.)

17. Defendant Harford County has not expressly stated to this Court that it will honor its obligation to cover and defend this case if it is dismissed as a party as contemplated by State Finance and Procurement § 9-108.

## COUNT I – INDEMNIFICATION

18. The allegations made in paragraphs 1 through 17 are restated and incorporated by reference herein.

19. The activities of Defendant Blubaugh that gave rise to this suit against all the defendants are activities relating to performing law enforcement functions within the meaning of State Finance and Procurement § 9-108(a)(6).

20. Defendant Harford County has insurance as provided in State Finance and Procurement § 9-108(b) for the coverage and defense of Sheriff's Gahler and his Deputies' activities relating to performing law enforcement functions within the meaning of State Finance and Procurement § 9-108(a)(6).

21. Upon acceptance of the State's tender of this action, Defendant Harford County acknowledged and assumed its duty to cover and defend this suit in accordance with State Finance and Procurement § 9-108(b).

22. Since Defendant Harford County has insurance as provided in State Finance and Procurement § 9-108(b) for the coverage and defense of Sheriff's Gahler and his Deputies' activities relating to performing law enforcement functions, and has accepted the State's tender of this action, it has a statutory duty to provide for the coverage and defense of this action regardless of who the Plaintiffs chose to name as defendants.

23. Pursuant to the insurance obligation it assumed under State Finance and Procurement § 9-108(b) and acceptance of the State's tender of this action, to the extent that any damages are awarded in favor of the Plaintiff and against the State in this matter, Defendant Harford County is required to indemnify the State and hold it harmless relating to any such damages.

WHEREFORE, Defendant/Cross-claimant State of Maryland asks this Court to enter a judgment for indemnification in its favor and against Defendant Harford County for the amount of any damages, expenses, and costs awarded in favor of Plaintiff in this action against Defendant/Cross-Claimant State of Maryland.

### COUNT II – DECLARATORY JUDGMENT

24. The allegations made in paragraphs 1 through 23 are restated and incorporated by reference herein.

25. Despite accepting the State's tender of this action and Defendant Harford County's acknowledging its obligation to cover and defend this action under State Finance and Procurement § 9-108(b), Defendant Harford County continues to assert in its pleadings to this Court that it is

immune to direct suit, it is not proper party to this litigation, and that it cannot be liable for the actions of the Sheriff or his deputies.

25. As indicated in the State's responsive filing (ECF Doc. 22) and argued by the Plaintiff as well (ECF Doc. 33), the State disagrees to the extent that State Finance and Procurement § 9-108(b) imposes a statutory duty on Defendant Harford County to cover and defend this action, and under Maryland law this insurance obligation can serve as a basis of liability against Harford County, either directly or indirectly.

26. Based on what is contained in the parties' filings with this Court, an actual controversy exists with antagonistic claims between the State and Defendant Harford County, wherein the State has asserted a right to coverage and defense of this action by Defendant Harford County, for which Harford County has challenged, denied, and/or refused to directly, affirmatively, and explicitly recognize responsibility.

27. A declaratory judgment pursuant to 28 U.S.C. § 2201 and/or Maryland Code, Courts and Judicial Proceedings § 3-409 will serve to terminate the uncertainty or controversy giving rise to this crossclaim.

WHEREFORE, Defendant/Cross-claimant State of Maryland asks this Court to enter a declaratory judgment in its favor and against Defendant Harford County declaring that Harford County is responsible for the coverage and defense of this action in accordance with State Finance and Procurement § 9-108.

    Respectfully submitted,

    BRIAN E. FROSH
    Attorney General of Maryland

    _____/S/_____
    CARL N. ZACARIAS (#28126)

Assistant Attorney General  
Office of the Attorney General  
80 Calvert Street  
Annapolis, Maryland 21401  
(410) 260-6139  
czacarias@treasurer.state.md.us  

Counsel for the State  

## CERTIFICATE OF SERVICE

    I certify that, on this 14th day of September 2020 the foregoing was served by CM/ECF on all registered CMF users.

                                  _____/S/_____  
                                  Carl N. Zacarias