# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY LEDERGERBER, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | **Civil No.:** 1:20-cv-01208-JKB |
| JUSTIN BLUBAUGH, *et al*. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

NOW COME the Defendants, Sheriff Jeffrey Gahler and Deputy Sheriff Justin Blubaugh, by and through their undersigned counsel and pursuant to Rule 8 of the F. R. Civ. Pro., hereby file an Answer to the Plaintiffs' Amended Complaint as follows:

1. Paragraphs 1-4 identify the Plaintiffs and no admission or denial is required.

2. Paragraphs 5-6 identify the individuals who the Plaintiffs have sued and no admission or denial is required.

3. Paragraph 7 identifies the Harford County Sheriff's Office as a defendant. The Court granted Defendant Harford County Sheriff's Office's motion to dismiss. Therefore, no admission or denial is required.

4. Paragraph 8 identifies Harford County, Maryland as a defendant. The Court granted Defendant Harford County, Maryland's motion to dismiss. Therefore, no admission or denial is required.

5. Paragraphs 9-10 identify the parties and no admission or denial is required.

6. Paragraphs 11-14 assert the basis of the court's jurisdiction and do not require an answer.

7. Defendants deny the averments contained in Paragraph 15.

6. Paragraphs 16-18 identify the Plaintiffs and no admission or denial is required.

7. Defendants lack sufficient knowledge to form a belief about the truth of the averments contained in Paragraphs 19-23 and pursuant to Rule 8, those averments are denied.

8. Defendants admit the averments in Paragraph 24.

9. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 25 and pursuant to Rule 8, those averments are denied.

10. Defendants deny the averments in Paragraph 26.

11. Defendants deny that the seller's vehicle make and model are required. Defendants further deny that pawnshops are required to obtain the seller's fingerprints. The Defendants admit the remainder of Paragraph 27.

12. Defendants admit the averments in Paragraph 28.

13. Defendants admit the averments in Paragraph 29.

14. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraphs 30-31 and pursuant to Rule 8, those averments are denied.

15. Defendants admit the averments in Paragraph 32.

16. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 33 and pursuant to Rule 8, those averments are denied.

17. Defendants admit that pawnshops are required to hold purchased merchandise for 30 days, but denies the remaining averments in Paragraph 34, in that law enforcement investigates ownership of any items before the item is released to the ownership of the pawnshop.

18. Defendants admit the averments contained in Paragraph 35.

19. Defendants admit the averments contained in Paragraph 36.

20. Defendants deny the averments contained in Paragraph 37.

21. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraphs 38-40 and pursuant to Rule 8, those averments are denied.

22. Defendants admit the averments contained in Paragraphs 41-42.

23. Defendants deny the averments contained in Paragraph 43.

24. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraphs 44-45 and pursuant to Rule 8, those averments are denied.

25. Defendants admit the averments contained in Paragraph 46.

26. Defendants deny the averments contained in Paragraph 47.

27. Defendants admit the averments contained in Paragraph 48.

28. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 49 and pursuant to Rule 8, those averments are denied.

29. Defendants admit the averments contained in Paragraph 50.

30. Defendants admit the averments in Paragraph 51-52.

31. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 53 and pursuant to Rule 8, those averments are denied.

32. Defendants admit the averments in Paragraph 54 to the extent that Patrick Humes admitted to selling a personal chainsaw to an area pawnshop.

33. Defendants deny the averments in Paragraph 55.

34. Defendants admit that Corporal Blubaugh came prepared to the interview. Defendants deny the remaining averments in Paragraph 56.

35. Defendants deny the averments in Paragraph 57.

36. Defendants deny that a definitive confirmation of theft was not made. Defendants lack sufficient knowledge to form a belief about the remaining averments contained in Paragraph 58 and pursuant to Rule 8, those averments are denied.

37. Defendants deny the averments in Paragraphs 59-61.

38. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 62 and pursuant to Rule 8, those averments are denied.

39. Defendants admit the averments contained in Paragraphs 63-65.

40. Defendants admit that Patrick Humes' stated that he liked conducting transactions with Plaintiff Charlotte Wolfe. Defendants deny the remaining averments contained in Paragraph 66.

41. Defendants deny the averments in Paragraphs 67-68.

42. Defendants admit the averments in Paragraph 69.

43. Defendants admit the averments in Paragraph 70-73.

44. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 74 and pursuant to Rule 8, those averments are denied.

45. Defendants deny in Paragraph 75 that Defendant Blubaugh charged Plaintiffs without any evidence implicating any Plaintiff in a crime. Defendants admit the remaining averments.

46. Defendants admit in Paragraphs 76-77 that Plaintiffs were detained as a result of their charges. Defendants deny the remaining averments contained in the paragraphs.

47. Defendants admit that Plaintiff Charlotte Frida Wolf was served with an arrest warrant, and subsequently had a judgment of acquittal entered against her. Defendants deny the remaining averments in Paragraph 78.

48. Defendants admit that Plaintiff Edward Thomas Wolf was served with an arrest warrant, and subsequently had a *nolle prosequi* entered in his case. Defendants deny the remaining averments in Paragraph 79.

49. Defendants admit that Plaintiff James Franklin Baker was served with an arrest warrant, and subsequently had a *nolle prosequi* entered in his case. Defendants deny the remaining averments in Paragraph 80.

50. Defendants admit that Plaintiff Jeffrey Ledergerber was served with an arrest warrant, and subsequently had a judgment of acquittal entered in his case. Defendants deny the remaining averments in Paragraph 81.

51. Defendants admit the averments in Paragraphs 82-84.

52. Defendants lack sufficient knowledge to form a belief about the averments contained in Paragraph 85 and pursuant to Rule 8, those averments are denied.

53. Defendants admit the averments in Paragraph 86.

54. Defendants deny the averments in Paragraphs 87-88.

55. Defendants admit the averments in Paragraph 89.

56. Defendants deny stating that it is difficult to process the number of transactions taking place at pawn shops. Defendants admit the remaining averments in Paragraph 90.

57. Defendants deny the averments in Paragraphs 91-92.

58. Paragraphs 93-96 do not make allegations against Defendants and no admission or denial is required.

59. Defendants lack sufficient knowledge to form a belief about the truth of the averments contained in Paragraphs 97 and pursuant to Rule 8, those averments are denied.

60. Defendants deny the averments contained in Paragraph 98.

61. Defendants lack sufficient knowledge to form a belief about the truth of the averments contained in Paragraph 99 and pursuant to Rule 8, those averments are denied.

62. Defendants lack sufficient knowledge to form a belief about the truth of the averments contained in Paragraphs 100 and pursuant to Rule 8, those averments are denied.

63. Defendants deny the averments contained in paragraph 101.

64. Defendants lack sufficient knowledge to form a belief about the truth of the averments contained in Paragraph 102 and pursuant to Rule 8, those averments are denied.

65. Defendants deny the averments in Paragraph 103.

66. The averments in Paragraphs 104-117 do not require a response.

67. Defendants deny the averments in paragraph 118.

68. The averments in paragraphs 119-121 do not require a response.

69. Defendants deny the averments in Paragraphs 122-126.

70. Paragraph 127 does not make allegations against Defendants and no admission or denial is required.

71. Defendants deny the averments in Paragraph 128.

72. Defendants deny the averments in Paragraph 129.

73. Defendants deny the averments in Paragraph 130.

74. The averments in Paragraph 131 are a recital and do not require a response.

75. The averments contained in Paragraph 132 were dismissed by Order of Judge Bredar and no admission or denial is required.

76. The averments in Paragraphs 133-145 are a recital and do not require a response.

77. The averments in Paragraphs 146-168 were dismissed by Order of Judge Bredar and no admission or denial is required.

78. Defendants adopt and incorporate all prior paragraphs as if fully set forth herein, and further deny the averments in Paragraphs 169-202.

50. The averments in Paragraphs 203-216 were dismissed by Order of Judge Bredar and no admission or denial is required.

51. Defendants adopt and incorporate all prior paragraphs as if fully set forth herein, and further deny the averments in Paragraphs 217-230.

52. The averments in Paragraphs 231-244 were dismissed by Order of Judge Bredar and no admission or denial is required.

53. The averments in Paragraphs 245-258 were dismissed by Order of Judge Bredar and no admission or denial is required.

54. The averments in Paragraphs 259-263 were dismissed by Order of Judge Bredar and no admission or denial is required.

## **AFFIRMATIVE AND NEGATIVE DEFENSES**

1. Plaintiffs' Amended Complaint, and each and every allegation thereof, fails to state a claim upon which relief can be granted.

2. Defendants are entitled to all common law, statutory, and qualified immunities.

3. Plaintiffs' injuries, losses and/or damages claimed were proximately caused by Plaintiffs own conduct or by the conduct of other persons or parties for whom Defendants are not responsible or liable.

4. Plaintiffs failed to mitigate their alleged damages.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, having asserted affirmative and negative defenses, and hereby denying all allegations of the Amended Complaint

not specifically admitted, Defendants pray that the Plaintiffs' Amended Complaint be dismissed with prejudice, with costs taxed to the Plaintiffs.

Respectfully submitted,

/s/
Ashley C. Moore #29110
Assistant County Attorney II
Harford County Department of Law
220 South Main Street
Bel Air, Maryland 21014
Voice: (410) 638-3205
Facsimile: (410) 879-7651
acmoore@harfordcountymd.gov

/s/
Bradley J. Neitzel #26787
Senior Assistant County Attorney
Harford County Department of Law
220 South Main Street
Bel Air, Maryland 21014
Voice: (410) 638-3689
Facsimile: (410) 879-7651
bjneitzel@harfordcountymd.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on 29th day of December 2020, a copy of the foregoing was filed electronically using CM/ECF, and thereby served to all parties through counsel of record.

/s/
Ashley C. Moore #29110