**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | | |
|---|---|---|
| JEFFREY LEDERGERBER, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Case No.: 1:20-cv-01208-BPG |
| CORPORAL JUSTIN L. BLUBAUGH , *et al.*, | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Dear Judge Gessner:

### *Work Product Does Not Apply or Was Waived.*

Plaintiffs have cited to a flurry of cases that have held work-product privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a related and subsequent civil lawsuit.

The only case cited by the State's Attorney contradicts Mr. Fili's position by holding that "the client is the holder of the privilege" – not Mr. Fili. *In re Grand Jury Proceedings, Thursday Special Grand Jury September Term 1991*, 33 F.3d 342, 348 (4th Cir. 1994). The prosecutor's client, the public, has not objected. Furthermore, the discussion of the attorney work product doctrine in 33 F. 3d 342 is inapplicable to the present case – the discussion was around disclosure of attorney work product in response to a grand jury subpoena.

Even though the privilege does not apply in the context of civil cases, the privilege was waived by the production of e-mails composed by Mr. Fili and Mr. Fili's answering of question regarding *Brady* material. Mr. Fili argues that the waiver was limited to *Brady* material – which is not privileged. But this position belies the content of the *Brady* question. The *Brady* question posed to Mr. Fili was whether (a) Mr. Fili's mental impression of any information/evidence led to a *Brady* disclosure of Corporal Blubaugh's veracity and (b) whether Mr. Fili was came upon an material facts/evidence/information that was inconsistent with his mental impression as to what the case was about.

To answer those questions, Mr. Fili was required to look at all of the evidence/facts/information and the like presented to him and make a mental impression whether any of that evidence/facts/information and the like was inconsistent or reflected adversely on Corporal Blubaugh.

Answering those questions waived any work product privilege applicable to Mr. Fili as he was required to evaluate the evidence/facts/information and the like, the basis for the criminal case, and whether the evidence presented at trial conflicted with those impressions.

In fact, a similar ruling was reached by Judge Coulson in *Owens*, in which the only material not ordered disclosed was the work product of other State's Attorneys.

This is critical for two reasons. First, no evidence existed in the underlying case against Plaintiff Edward Wolf (Plaintiff would challenge the parties to produce any). Second, by the time the prosecution against Mr. Ledergerber was underway, the primary witness against Jeff had died and the secondary witness (the only two eyewitnesses) had been fired and was not available for trial – yet he was tried (and acquitted).

Furthermore, Corporal Blubaugh answered questions about the e-mails, the prosecution, and probable cause. His waiver was not limited but covered all areas.

### *Case Law Distinguished.*

*Office of State Prosecutor v. Judicial Watch, Inc.*, 356 Md. 118, 131 (1999). This was not an ongoing civil case deep in discovery by a Public Information Act request. Plaintiff had to survive dispositive motions and are seeking a discovery order for disclosure. Furthermore, the Court ruled that Rule 4-642 only applied to "files and records" (as the plain language states), not testimony, evidence, facts, or other information. Indeed, "files and records" were the only information sought in the PIA. This is not an end run, but a

*In re Criminal Investigation No. 437 in Circuit Court for Baltimore City,* 316 Md. 66 (1989). Court ordered disclosure of grand jury records to a party in a civil proceeding upheld. Excellent history of grand jury proceedings. Lays out test for disclosure of "files and records." Does not discuss testimony, evidence, facts, or other information. Here, Plaintiffs pass the test to "avoid a possible injustice," the grand jury has disbanded (no voting issue), privacy is not a concern (Plaintiffs seek disclosure – and were indicted), and request has been structured to need. *See also In re Criminal Investigation No. 51,843,* 119 Md.App. 112, 117, 704 A.2d 464, 467, *cert. denied,* 349 Md. 235, 707 A.2d 1329 (1998) (remanding for in camera review of transcript ("record") that supported a civil case against police – such as the present case). All three cases cite to *Douglas*, which states that a Plaintiff has less of a burden for disclosure when the grand jury has disbanded and the Plaintiffs were the accused.

All cases allow this Court to fashion a remedy to protect secrecy but to achieve justice.

Respectfully Submitted,

*/s/ David C.M. Ledyard*