

G. Adam Ruther, Partner
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201-3305
T: 410.727.6677 | F: 410.727.1115
aruther@rosenbergmartin.com

September 13, 2021

**VIA ECF FILING**

Hon. Beth P. Gesner
Chief United States Magistrate Judge
United States District Court, District of Maryland
101 West Lombard St.
Baltimore, MD 21201

    Re:    <u>Jeffery Ledergerber, et al. v. Corporal Justin L. Blubaugh, et al.</u>,
              Civil No. BPG-20-1208

Dear Judge Gesner,

    I write on behalf of defendants, Corporal Justin L. Blubaugh, Sheriff Jeffery Gahler, and Harford County, Maryland (the "Harford County Defendants") in response to Your Honor's letter of September 8, 2021 (ECF 92) instructing the parties to "file individual supplemental submissions regarding the issue of work product privilege raised by the State's Attorney for Harford County," and to "address the case law cited by opposing parties."

    First, with regard to the work product privilege asserted by Mr. Fili in his deposition, that dispute is only between Mr. Fili and Plaintiffs. The Harford County Defendants are not a party to the dispute over the application of that privilege.

    Second, to the extent that Your Honor's instruction that the parties should "address the case law cited by opposing parties" includes addressing case law on the grand jury secrecy issue, which *was* raised by the Harford County Defendants, I can only note that Plaintiffs cited no case law at all to support their position or refute the case law cited by both the Harford County Defendants and Mr. Fili's counsel, which was specifically cited during our meet and confer. Instead, Plaintiffs make the conclusory argument that "testimony by a 'person' deposed during a civil action in Federal Court is a 'disclosure authorized by law'" under Maryland Code, Courts & Judicial Proceedings § 8-507. That argument presumes that discovery in a civil case supersedes an express prohibition on disclosure of grand jury material, which carries a criminal penalty under Maryland law. There is no basis for such a presumption. Indeed, the case law cited by the Harford County Defendants and Mr. Fili's counsel in our letters to the Court supports the opposite conclusion. *See Office of State Prosecutor v. Judicial Watch*, 356 Md. 114 (1999).

    Plaintiffs also misread Md. Rule 4-642 as applying only to "files and records of the court pertaining to criminal investigations." *See* ECF 88, p. 1. Plaintiffs refer only to Md. Rule 4-642(a), and ignore the operative language of Md. Rule 4-642(d) which addresses grand juries specifically and states: "[u]nless disclosure of ***matters occurring before the grand jury*** is permitted by law without court authorization, a motion for disclosure of such ***matters*** shall be filed



G. Adam Ruther, Partner
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201-3305
T: 410.727.6677 | F: 410.727.1115
aruther@rosenbergmartin.com

in the circuit court where the grand jury convened." (Emphasis added). The application of Md. Rule 4-642(d) is broad; it applies to "matters occurring before the grand jury," not simply documents or records. Indeed, the testimony presented to the grand jury is the very heart of the grand jury's work, and the law is clear that it is meant to be kept secret absent an order of the court under whose jurisdiction the grand jury is convened.

Sincerely.

/s/

G. Adam Ruther

cc: All counsel of record via ECF filing,

Wendy Shiff, Esq., counsel for the Harford County State's Attorney, via E-mail.