IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY LEDERGERBER, et al., | * | |
| Plaintiffs | * | |
| v. | * | No. ABA-20-cv-1208 |
| CORPORAL JUSTIN BLUBAUGH, et al., | * | |
| Defendants | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

Currently before the Court is a motion for reconsideration filed by Plaintiffs Jeffrey Ledergerber, James Baker, Edward Wolf, and Freda Wolf (collectively "Plaintiffs") of the Court's August 24, 2023 decision, issued by Chief Magistrate Judge Beth P. Gesner prior to her recent retirement, (1) denying Plaintiffs' motion for summary judgment and (2) granting the cross-motion for summary judgment filed by Defendants Corporal Justin Blubaugh and Sheriff Jeffrey Gahler, which was joined by Defendant State of Maryland (collectively "Defendants"). *See* ECF No. 128 ("SJ Opinion" or "SJ Op."). Because Plaintiffs' motion is essentially an attempt to re-argue summary judgment, and Plaintiffs have failed to present extraordinary circumstances necessary for the Court to reconsider the August 24, 2023 decision, the Court will deny the motion.

I.   **BACKGROUND**

Judge Gesner provided the history of this case in her August 24, 2023 decision and it is unnecessary to repeat that information in full here. *See* SJ Op. at 2-7. Briefly, however, Plaintiffs operate pawn shops where a third-party, Patrick Humes, sold them merchandise that it turned out had been stolen. Defendants arrested Plaintiffs, who were then charged under Maryland's

consolidated theft statute, which makes it unlawful to, among other things, "possess stolen personal property knowing that it has been stolen, or believing that it probably has been stolen, if the person (i) intends to deprive the owner of the property; (ii) willfully or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or (iii) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property." Md. Code Ann., Crim. Law § 7-104(c)(1). The statute goes on to specify that, "[i]n the case of a person in the business of buying or selling goods, the knowledge required under this subsection may be inferred if: (i) the person possesses or exerts control over property stolen from more than one person on separate occasions; (ii) during the year preceding the criminal possession charged, the person has acquired stolen property in a separate transaction; or (iii) being in the business of buying or selling property of the sort possessed, the person acquired it for a consideration that the person knew was far below a reasonable value." *Id.* § 7-104(c)(2).

Plaintiffs Charlotte Wolf and Mr. Ledergerber were ultimately acquitted, and Defendants entered a *nolle prosequi* as to the charges against Plaintiffs Mr. Baker and Edward Wolf.

Plaintiffs then sued Defendants in this Court for (I) battery, (II) false arrest, (III) false imprisonment, (IV) intentional infliction of emotional distress, (V) malicious prosecution, (VI) negligence, (VI) violation of Article 24 of the Maryland Declaration of Rights, (VII) violation of Article 26 of the Maryland Declaration of Rights, (IX) violation of Article III, § 40 of the Maryland Constitution and Article 19 of the Maryland Declaration of Rights; (X) 42 U.S.C. § 1983 violations of Plaintiffs' Fourth Amendment Right, (XI) 42 U.S.C. § 1983 violations of Plaintiffs' Fifth Amendment Right, (XII) 42 U.S.C. § 1983 violations of Plaintiffs' Fourteenth Amendment Right, and (XIII) Respondeat Superior. ECF No. 10. On November 30, 2020, Chief

Judge James K. Bredar granted in part Defendants' motions to dismiss, leaving only Counts V, VI, VII, VIII, and X against Corporal Blubaugh and Sheriff Gahler, and Counts V, VI, VII, and VIII against the State. ECF No. 43 ("MTD Op." or "MTD Opinion").

After the close of discovery, and after the parties consented to the jurisdiction of a U.S. Magistrate Judge, ECF Nos. 64, 67, 91, and the case was reassigned to Judge Gesner, the parties filed cross-motions for summary judgment. *See* ECF Nos. 117, 119 & 125. On August 24, 2023, Judge Gesner denied Plaintiffs' motion for summary judgment and granted Defendants' motion on all counts. SJ Op at 25. Plaintiffs then filed the instant motion for reconsideration. ECF No. 131. Plaintiffs have also filed a notice of appeal, ECF No. 130, which the Court of Appeals has instructed it will deem as having been filed upon entry of an order disposing of the motion for reconsideration. ECF No. 133.

## II.     **STANDARD OF REVIEW**

Plaintiffs filed their motion for reconsideration pursuant to Federal Rules of Civil Procedure 15 (amendment of pleadings), 52 (judgment on partial findings), 59 (altering or amending a judgment), and 60 (relief from a judgment due to mistake, new evidence, fraud, the judgment being void or satisfied, or another reason justifying relief). Plaintiffs did not, however, provide any discussion of the standards associated with these rules or how their arguments and the relief they seek fit within the rules. The Court concludes that Rule 59(e) is Plaintiffs' proper avenue for relief and, thus, will analyze the motion in that context. *See, e.g.*, *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [the time delineated by Rule 59(e)] and calls into question the correctness of that judgment it

should be treated as a motion under Rule 59(e), however it may be formally styled.") (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

Granting a motion for reconsideration "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A court should only grant such a motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)).

Here, Plaintiffs argue that reconsideration is necessary to correct clear errors of law and prevent manifest injustice.

### III.     DISCUSSION

As Judge Gesner explained, each of the claims that were not dismissed at the pleadings stage rises or falls on whether Plaintiffs have identified admissible evidence from which a reasonable jury could conclude that Corporal Blubaugh "made omissions and misstatements that caused the prosecutor to pursue groundless charges and the grand jury to indict wrongfully." SJ Op. at 8 (quoting MTD Op. at 12).

Plaintiffs' arguments related to this inquiry are premised on two foundations: (1) that, based on the facts, there was no probable cause to arrest Plaintiffs and, (2) because the grand jury indicted Plaintiffs despite the lack of direct evidence that Plaintiffs knew that the goods that Humes sold them were stolen, the only reasonable conclusion is that Corporal Blubaugh made

omissions or misstatements to the prosecutor, Salvatore Fili, in turn causing the grand jury to wrongfully indict Plaintiffs. These are the same premises Plaintiffs relied upon in their motion for summary judgment.

As to the first issue, and as discussed in the SJ Opinion (at 10-11 & 13-14), Plaintiffs' extensive list of facts they allege show a lack of probable cause is irrelevant because "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975)). The conclusive nature of an indictment is overcome only in the face of allegations (at the pleadings stage) or evidence (at the summary judgment stage, or trial) that an officer "deliberately supplied misleading information that influenced the decision." *Id.* (quoting *Goodwin v. Metts*, 885 F.2d 157, 162 (4th Cir. 1989)). Thus, regardless of what facts Plaintiffs contend undermined, or if presented would have undermined, the grand jury's finding of probable cause, their claims in this case required them to prove Corporal Blubaugh misled the prosecutor or the grand jury.

On the second issue, Plaintiffs rely solely on their claim that the only reasonable interpretation of the fact that the grand jury indicted them is that Corporal Blubaugh must have lied to Mr. Fili given (1) the many facts Plaintiffs argue show a lack of probable cause and (2) the lack of evidence showing Corporal Blubaugh did *not* mislead Mr. Fili or the grand jury in various ways. But "[u]nsupported speculation is not sufficient to defeat a summary judgment motion." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). Such supposition—as opposed to evidence—cannot meet Plaintiffs' burden of proof, and does not defeat Defendants' motion for summary judgment. These arguments were raised and rejected in connection with summary judgment, ECF No. 128 at 10-11, 13-14, and the Court rejects them

5

again. This holding disposes of most of Plaintiffs' arguments for reconsideration. The Court will consider below Plaintiffs' remaining arguments that do not directly trace back to the two issues discussed above.

First, Plaintiffs argue that Judge Gesner prohibited them from procuring evidence of Corporal Blubaugh's misleading statements because she did not compel the production of the grand jury material and related testimony. However, the issue of the disclosure of the grand jury material was litigated before the Circuit Court for Harford County, where the grand jury was empaneled, not before this Court. *See* ECF No. 114. The Circuit Court, in that proceeding, denied Plaintiffs' petition for release of the records of the grand jury that returned the indictments of Plaintiffs. Plaintiffs have failed to point to any clear error of law or manifest injustice by Judge Gesner related to this (or any other) issue.

Second, Plaintiffs argue that Judge Gesner erred in concluding that *Rehberg v. Paulk*, 566 U.S. 356 (2012), and *Everette-Oates v. Chapman*, No. 20-1093, 2021 WL 3089057 (4th Cir. July 22, 2021), support the notion that Corporal Blubaugh's immunity related to his grand jury testimony extended to *omissions* in testimony. This argument was also considered and rejected in the SJ Opinion (at 11-13). Plaintiffs disagree with Judge Gesner's analysis but provide no law showing that analysis contains clear errors of law. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) ("A prior decision does not qualify [as a clear error of law or manifest injustice] by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'") (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 65 F.3d 166 (table), 1995 WL 520978, *5 n.6 (4th Cir. 1995)). Having failed to meet that standard, Plaintiffs' argument provides no grounds for reconsideration.

Third, Plaintiffs argue that Articles 24 and 26 of the Maryland Declaration of Rights should be interpreted as providing greater protections to Plaintiffs than provided by the Fourth Amendment. Judge Gesner explained why she interpreted Articles 24 and 26 *in pari materia* with the Constitution, SJ Op.at 19-20, and Plaintiffs have failed to provide any law directly contrary to her conclusion. *See, e.g.*, *Miller v. Prince George's Cnty., Md.*, 475 F.3d 621, 631 n.5 (4th Cir. 2007) ("Plaintiff's state constitutional claims under Articles 24 and 26 of the Maryland Declaration of Rights are construed *in pari materia* to his Fourth Amendment claim."). Again, Plaintiffs merely disagree with Judge Gesner's conclusion that Articles 24 and 26 are coextensive with the Fourth Amendment in regard to Plaintiffs' claims. They have not established a clear error of law.

Fourth, Plaintiffs contend that Judges Bredar and Gesner erred by prohibiting them from obtaining discovery on issues other than whether there was probable cause to arrest Plaintiffs and whether Corporal Blubaugh materially misled the prosecutor or the grand jury. *See* Scheduling Order, ECF No. 48 at 1 n.1. As stated repeatedly by Judges Gesner and Bredar, however, because all of Plaintiffs' claims required proof that Corporal Blubaugh misled the prosecutor or the grand jury, the focused discovery did not prejudice Plaintiffs and instead promoted efficiency and judicial economy. The Court did not clearly err or create manifest injustice by implementing the discovery plan.

Plaintiffs' motion for reconsideration is largely an impermissible attempt to reargue their motion for summary judgment. Their arguments fail for the reasons provided in the SJ Opinion. Plaintiffs disagree with many of Judge Gesner's rulings, but have failed to show she committed a clear error of law or that her rulings worked a manifest injustice.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' motion for reconsideration. An appropriate order follows.

Date: November 13, 2023

/s/
Adam B. Abelson
United States Magistrate Judge